

**FILED**

MAY 17 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| TODD DAMASE OUELLETTE, | ) | CV 10-133-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VIACOM, and NBC UNIVERSAL, | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Todd Ouellette, proceeding pro se, brought this action against an assortment of Defendants alleging they violated the doctrine of fair use, the Americans with Disabilities Act ("ADA"), the Digital Millennium Copyright Act of 1998 ("DMCA"), and certain terms of service agreements all through the improper removal of his videos from the internet. United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendation in this matter on March 31, 2011. Judge Lynch recommended counts II through VIII of Ouellette's Amended Complaint be dismissed as frivolous.

After seeking and receiving an extension, Ouellette timely filed objections

on May 9, 2011, and is therefore entitled to de novo review of those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Lynch found Ouellette's ADA claims fail because he did not allege any physical place where Defendants' services are available and he did not assert any nexus between the websites and such a place. Ouellette objects that the physical place requirement is met by YouTube providing the "world's largest theater," the public access production facility where he makes and uploads his videos, and the servers where the data is stored.[1] The objection is not well taken.

Neither a website nor its servers are "actual, physical places where goods or services are open to the public," putting them within the ambit of the ADA. Weyer v. Twentieth Cent. Fox Film Corp., 198 F.3d 1104, 1114 (9th Cir. 2000). The public access production facility might amount to such a place, but there is no nexus between the websites and Ouellette's inability to access that physical place.

---

[1] He also argues, pursuant to Carparts Distrib. Ctr. v. Auto. Wholesaler's, 37 F.3d 12 (1st Cir. 1994), that he need not even allege a physical place. Such an argument is foreclosed. See Weyer v. Twentieth Cent. Fox Film Corp., 198 F.3d 1104 (9th Cir. 2000).

See id.[2]

Ouellette also takes exception to Judge Lynch's treatment of his DMCA claims. Judge Lynch found Ouellette's claims under the DMCA's safe harbor procedures to be misplaced because the procedures limit–rather than create–liability and Ouellette failed to invoke an independent basis of liability. Ouellette now objects that he does not understand how the DMCA does not provide him a claim here and requests two weeks to further research the DMCA. The request is denied. Judge Lynch clearly explained how the DMCA's safe harbor procedures do not support a claim here. I agree with Judge Lynch's analysis and thus further briefing on the issue is unnecessary.

Finally, Ouellette objects that Google and YouTube are liable for the conduct of third parties because they conspired "to violate the terms of the contracts." As Judge Lynch explained, there is no such cognizable claim here.[3]

I find no clear error in Judge Lynch's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and

---

[2] Plaintiff makes additional objections that are contingent upon his stating a viable ADA claim. Since he does not, the Court need not address those objections.

[3] Plaintiff also raises issues for the first time in his objections. Those issues are deemed waived. See Marshall v. Chater, 75 F.3d 1421, 1427 (10th Cir. 1996).

Recommendation (dkt #19) are adopted in full.

IT IS FURTHER ORDERED that Ouellette's claims advanced in Counts II through VIII of his Amended Complaint are DISMISSED as frivolous and for failure to state a claim on which relief could be granted.

Dated this 17th day of May, 2011.

Donald W. Molloy, District Judge
United States District Court