# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| TODD DAMASE OUELLETTE, | CV 10-133-M-DWM-JCL |
| Plaintiff, | |
| vs. | ORDER, and FINDINGS AND RECOMMENDATION |
| VIACOM INTERNATIONAL, INC., | |
| Defendant. | |

_____

Before the Court is Defendant Viacom International, Inc.'s (Viacom) Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. For the reasons stated, the Court recommends that the motion be granted.

## I. BACKGROUND

Plaintiff Todd Ouellette is proceeding pro se in this action which arises from his use of Viacom's copyrighted materials.[1] He explains he critiqued various video programs produced by Viacom, and that he posted his video critiques on internet video hosting websites including YouTube.com and MySpace.com.

_____

[1]The operative allegations are set forth in Ouellette's Amended Complaint filed October 11, 2011. Dkt. 36.

1

Viacom deemed Ouellette's conduct and his internet videos to have infringed upon its copyright interests. Therefore, it directed the website hosts to remove the videos Ouellette had posted on those websites.

Ouellette contends his videos did not infringe upon Viacom's copyrights. Thus, invoking provisions of the Digital Millennium Copyright Act of 1998 at 17 U.S.C. § 512(f), Ouellette alleges Viacom is liable for misrepresentations it made by falsely accusing him of copyright infringement, and wrongfully directing the website hosts to remove Ouellette's videos.

## II. APPLICABLE LAW - JUDGMENT ON THE PLEADINGS

In addressing a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citation omitted). A Rule 12(c) motion "is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id*. (citation omitted).

A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054

n. 4 (9th Cir. 2011).  Thus, the same legal standard "applies to motions brought under either rule."  *Id.*

A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim.  *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).  The court's standard of review under Rule 12(b)(6) is informed by Fed. R. Civ. P. 8(a)(2), which requires that a pleading "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (quoting Rule 8).  Although Rule 8(a)(2) does not require "detailed factual allegations", a plaintiff must set forth more than bare allegations that the defendant unlawfully harmed the plaintiff.  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at __, 129 S. Ct. at 1949.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

3

*Id.* Plausibility does not equate with "probability", but it requires "more than a sheer possibility that a defendant has acted unlawfully[,]" and factual allegations "that are 'merely consistent with' a defendant's liability" do not cross the line between possibility and plausibility. *Id.* Allegations which permit only an inference of the "mere possibility of misconduct" do not "show[] that the pleader is entitled to relief[.]" *Ashcroft*, 556 U.S. at __, 129 S. Ct. at 1950 (quoting Rule 8(a)(2)). Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Based on the foregoing, and as applied to a Rule 12(c) motion, the court must "assume the facts alleged in the complaint are true[,]" and consider whether those "factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Yakima Valley Memorial Hospital v. Washington State Department of Health*, 654 F.3d 919, 925 (9th Cir. 2011) (quoting *Cafasso*, 637 F.3d at 1054).

Finally, because Ouellette is proceeding pro se the Court must construe his pleadings liberally. Ouellette's allegations, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

4

# III. DISCUSSION

The Digital Millennium Copyright Act (the Copyright Act) provides certain procedures for policing acts of copyright infringement that may occur on the internet. If a copyright owner finds activity on the internet that it believes constitutes an infringement of its rights, the owner may serve a notice of the claimed infringement on the hosting internet service provider which, in substance, requires the provider to take the material down from the internet. *See* 17 U.S.C. § 512(c)(1)(C) and (c)(3). The copyright owner's "takedown" notice must contain a statement that the owner "has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law." 17 U.S.C. § 512(c)(3)(A)(v).

In formulating a good faith belief as to whether another person's use of copyrighted material "is not authorized by [...] the law" as required under section § 512(c)(3)(A)(v), a copyright owner must consider the "fair use doctrine" under 17 U.S.C. § 107. Section 107 expressly recognizes that "the fair use of a copyrighted work[...] is not an infringement of copyright[,]" and, therefore, is authorized by law.

Section 107 describes conduct that qualifies as fair use of copyrighted material:

> In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include–
>
> > (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> >
> > (2) the nature of the copyrighted work;
> >
> > (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> >
> > (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.  Thus, where a person's use of copyrighted material qualifies as "fair use" under the section 107 factors, that fair use is not a copyright infringement. *Lenz v. Universal Music Corp.*, 572 F. Supp. 2d 1150, 1154 & n.4 (N.D. Cal. 2008) (citing *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984)); *Online Policy Group v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1200 (N.D. Cal. 2004).

Under copyright law in general, and specific to the analysis under the Copyright Act, the fair use doctrine is necessarily part of a copyright owner's initial review of potentially infringing material, and must be considered in assessing whether a copyright infringement exists. *Lenz*, 572 F. Supp. 2d at 1155. Consequently, in asserting its good faith belief of a copyright infringement under

17 U.S.C. § 512(c)(3)(A)(v), a copyright owner "must evaluate whether the material makes fair use of the copyright." *Lenz*, 572 F. Supp. 2d at 1154.

At issue in this case is the liability exposure a copyright owner may have under the Copyright Act for failing to make a good faith assertion of a copyright infringement in a takedown notice issued under 17 U.S.C. § 512(c)(1)(C) and (c)(3). Specifically, a copyright owner "who knowingly materially misrepresents [...] that material or activity is infringing [...] shall be liable for any damages [...] incurred by the alleged infringer[.]" 17 U.S.C. § 512(f). "A party is liable if it 'knowingly' and 'materially' misrepresents that copyright infringement has occurred." *Online Policy Group v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1204 (N.D. Cal. 2004).

The provision of section 512(f) creating liability for a misrepresentation must be read in conjunction with the "good faith belief" requirement of 17 U.S.C. § 512(c)(3)(A)(v). That good faith belief is measured based on a subjective standard. *Rossi v. Motion Picture Assn. of America, Inc.*, 391 F.3d 1000, 1004 (9th Cir. 2004). Thus, liability for a misrepresentation under § 512(f) may be imposed only upon a showing of a copyright owner's subjective bad faith, *Lenz*, 572 F. Supp. 2d at 1155 (citing *Rossi*), where the owner makes "a knowing misrepresentation." *Rossi*, 391 F.3d at 1005. Liability cannot be imposed based

7

only upon "an unknowing mistake[...], even if the copyright owner acted unreasonably in making the mistake." *Rossi*, 391 F.3d at 1005 (citing 17 U.S.C. § 512(f)). "Rather, there must be a demonstration of some actual knowledge of misrepresentation on the part of the copyright owner." *Id*.

In sum, properly pled allegations under 17 U.S.C. § 512(c)(3)(A)(v) and (f) which plausibly suggest that a "copyright owner acted in bad faith by issuing a takedown notice without proper consideration of the fair use doctrine" may be sufficient to state a misrepresentation claim. *Lenz*, 572 F. Supp. 2d at 1154-55. Stated differently, for purposes of section 512(f), a misrepresentation exists where a copyright owner issues a takedown notice even though the owner knows that another person's use of copyrighted material clearly qualifies as "fair use" under 17 U.S.C. § 107 and, therefore, does not constitute copyright infringement. *Online Policy Group*, 337 F. Supp. 2d at 1204.

The substance of Ouellette's allegations in this case attempt to assert that Viacom issued takedown notices which misrepresented that Ouellette's videos infringed upon Viacom's copyrights, thereby giving rise to liability under 17 U.S.C. § 512(f). For the reasons stated, Ouellette's allegations fail to plead a viable claim.

Ouellette advances insufficient and conclusory factual allegations in support of his misrepresentation claim. He alleges he "exorcized [sic] [his] Fair Use right" to critique Viacom's copyrighted material when he posted his videos on YouTube. Dkt. 36 at 1. He explains that every time he "critiqued a video clip" of one of Viacom's programs, Viacom issued a takedown notice to YouTube in which it asserted a claim of copyright infringement against Ouellette. Ouellette responded by serving a counter notice on YouTube as permitted under the Copyright Act. *See* 17 U.S.C. § 512(g)(2)(B) and (g)(3) (describing counter notices).[2] Ouellette alleges that each time YouTube properly processed his counter notices "[Viacom] admitted (via acts not direct wording) [that Ouellette's] video was Fair Use." Dkt. 36 at 2. Nonetheless, Viacom often issued multiple copyright infringement claims relative to certain videos posted by Ouellette, and allegedly refused to stop harassing him with those false claims.

Ouellette also alludes to "scanning software" that Viacom employs to identify copyright infringements on the internet. He complains that Viacom fails to use human oversight to prevent that software "from mis-identifying Fair Use videos." Dkt. 36 at 2. Finally, Ouellette argues that Viacom has not set up an

---

[2]In substance, a counter notice asserts that a user's material was removed from the internet by mistake since the user was not infringing upon any copyright, and requires the internet host to put the video back on the internet. *See e.g. Shropshire v. Canning*, 809 F. Supp. 2d 1139, 1147-48 (N.D. Cal. 2011).

9

appropriate "system to quickly process [its] false copyright claims against Fair Use videos." *Id*.

Accepting all of Ouellette's factual allegations as true, and liberally construing them in the light most favorable to him, the Court nonetheless finds that Ouellette has not presented any factual information plausibly suggesting Viacom actually knew Ouellette made fair use of its copyrighted material, and that it acted with the requisite subjective bad faith in issuing its takedown notices. Ouellette's bare allegations of his fair use of Viacom's copyrighted materials do not include any facts reflecting that his alleged fair use would have been clear to Viacom. Specifically, Ouellette does not plead any facts describing the purpose and character of his use of Viacom's materials, the nature of the copyrighted works he used, the amount and substantiality of the copyrighted materials he used, and the effect of his use upon the potential market for, or value of, Viacom's copyrighted works. *See* 17 U.S.C. § 107, *supra*. Thus, Ouellette's allegations do not make it plausible that Viacom actually knew that Ouellette made fair use of its copyrighted materials because there exists no factual basis to conclude that Ouellette's conduct clearly qualifies as fair use of those materials.

Furthermore, Ouellette's allegations asserting Viacom "admitted" Ouellette made fair use of its copyrighted materials are insufficient to plausibly suggest

Viacom acted in bad faith because those allegations qualify the nature of Viacom's alleged admission. Ouellette's allegations seek to imply that Viacom acted in bad faith by alleging its "acts[, but not its] direct wording[,]" constituted an admission of Ouellette's fair use. Inferences and implications based on conduct alone, however, are insufficient. Allegations describing conduct that could be merely parallel to, or consistent with, conduct that would otherwise give rise to liability is not sufficient to satisfy the plausibility standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-54 (2007). Those types of parallel conduct allegations permit only an inference of the "mere possibility of misconduct," do not cross the line between possibility and plausibility, and do not affirmatively "show[...] that the pleader is entitled to relief." *Ashcroft*, 556 U.S. at __, 129 S. Ct. at 1950 (quoting Rule 8(a)(2)).

Similarly, Ouellette's allegations regarding Viacom's use of scanning software are also insufficient to state a plausible claim for relief. Although Ouellette suggests the scanning software misidentifies fair use videos, he advances no factual matters suggesting it is plausible that Viacom had actual knowledge of the software's alleged deficiencies. Further, Viacom's mere failure to use human oversight with the scanning software does not render it plausible that Viacom had

11

actual knowledge that the software failed to identify a user's fair use of copyrighted material.

In conclusion, Ouellette advances bare, conclusory allegations intimating only that Viacom might have known Ouellette was making fair use of its copyrighted material. Ouellette has not pled any facts establishing it is plausible that Viacom failed to evaluate the fair use doctrine when it issued takedown notices regarding Ouellette's videos. His allegations do not suggest it is plausible that Viacom had actual knowledge that Ouellette's videos made fair use of its copyrighted materials and did not constitute copyright infringements. The allegations do not plausibly suggest that Viacom had actual knowledge that it was making a misrepresentation as to Ouellette's alleged copyright infringements in its takedown notices. Therefore, Viacom is entitled to judgment as a matter of law, and Ouellette's pleading should be dismissed.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). But, where a court previously notified a litigant of deficiencies in his allegations, and afforded the litigant an opportunity to amend the claims, if the litigant files an

amended pleading which fails to cure the defects identified by the court, then the court may conclude that the deficiencies cannot be cured by further amendment and the court need not afford the litigant an additional opportunity to amend. *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008). A "repeated failure to cure deficiencies by amendments" is sufficient to justify a dismissal without leave to amend. *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

By Order entered February 7, 2011, the Court conducted its preliminary screening of Ouellette's allegations because he is proceeding in forma pauperis in this action under authority of 28 U.S.C. § 1915. The Court discussed the relevant provisions of the Copyright Act, and notified Ouellette of the subjective bad faith standard applicable to his misrepresentation claim under 17 U.S.C. § 512(f).

On October 11, 2011, Ouellette filed his Amended Complaint which contains his operative allegations. Despite having been provided notice of the requirements for his claim under § 512(f), for the reasons discussed above Ouellette has failed to plead sufficient facts to satisfy the subjective standard identified in the Court's February 7, 2011 Order. Therefore, because Ouellette has already been afforded an opportunity to amend his pleading to set forth facts establishing Viacom's actual knowledge of his fair use of its copyrighted

13

materials, the Court concludes it is not necessary to afford him yet another opportunity to amend.

## IV.  CONCLUSION

Based on the foregoing, the Court recommends that Viacom's motion for judgment on the pleadings should be GRANTED, and this action should be DISMISSED without leave to amend.

IT IS FURTHER ORDERED that Viacom's Motion to Amend Scheduling Order is DENIED as moot.

DATED this 13th day of March, 2012.

 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge